**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANSU KOUROUMA, | ) | CASE NO. 1:26-CV-00587-SO |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| SCOTT A. HILDEBRAND, *et al.* | ) | JENNIFER DOWDELL |
| | ) | ARMSTRONG |
| | ) | |
| Respondents. | ) | **<u>REPORT AND RECOMMENDATION</u>** |
| | ) | |
| | ) | |

## I.  INTRODUCTION

Petitioner Ansu Kourouma ("Mr. Kourouma") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). Mr. Kourouma named as respondents Sheriff Scott A. Hildebrand, the Secretary of Homeland Security, and then-United States Attorney General Pamela Bondi.

Mr. Kourouma is an alien and asylum applicant who is currently being detained and who has been ordered removed to Uganda, a country with which he states he has no connection. He asserts two grounds for relief, claiming that: (1) his due process rights have been violated because he has been detained for over seven months without any attempt to carry out his removal and without any indication of when he will be removed; and (2) the treaty pursuant to which he will be removed to Uganda is racially and ethnically biased in its inception and application and violates the Equal Protection Clause of the Fifth and Fourteenth Amendments.

This matter was referred to me on March 13, 2026 under Local Rule 72.2 to prepare an

1

expedited report and recommendation on Mr. Kourouma's petition. (ECF No. 3). On March 23, 2026, Respondents filed a return of writ and motion to dismiss Mr. Kourouma's petition. (ECF No. 6.) For the reasons set forth below, I conclude that Mr. Kourouma's first ground for relief is premature and that the Court lacks jurisdiction over his second ground. Accordingly, I recommend that the Court GRANT Respondents' motion to dismiss and DISMISS Mr. Kourouma's petition without prejudice.

## II.     FACTUAL AND PROCEDURAL BACKGROND

Mr. Kourouma is a citizen and native of Guinea. He alleges that he has been in ICE custody since July 24, 2025. (ECF No. 1, PageID # 12). Mr. Kourouma has applied for asylum, and alleges that he had an individual asylum hearing scheduled for January 16, 2026. *Id*. at PageID # 14. However, on January 6, 2026, the government filed a motion to pretermit Mr. Kourouma's asylum application and remove him to Uganda pursuant to an Asylum Cooperative Agreement ("ACA") between the United States and Uganda. *Id*.; *see* 8 U.S.C. § 1158(a)(2)(A) (providing that an alien may not apply for asylum if the Attorney General determines that the alien may be safely removed pursuant to a bilateral or multilateral agreement with a third country in which the alien's life or freedom would not be threatened and where the alien would have access to a full and fair procedure to determine his or her asylum claim (also known as the "safe third country" rule))*;* 8 C.F.R. § 1240.11(h) (providing that immigration judges have the authority to  apply the safe third country rule pursuant to bilateral or multilateral agreements other than the United States' agreement with Canada); *Matter of C-I-G-M & L-V-S-G*, 29 I&N Dec. 291 (BIA 2025) (holding that, where DHS claims that an ACA applies, the immigration judge should determine whether the safe third country bar applies prior to considering the respondent's eligibility for asylum).

On January 8, 2026, the immigration judge granted in part DHS' motion to pretermit and set a hearing to determine the applicability of the ACA to Mr. Kourouma. (ECF No. 1, PageID #

18). The immigration judge also set a hearing on DHS' motion to pretermit and advised Mr. Kourouma that he had the burden of proving by a preponderance of the evidence that the safe third country bar did not apply to him. *Id*.

On January 30, 2026, the immigration judge entered an order denying Mr. Kourouma's asylum application and ordering him removed to Uganda. *Id*. at PageID # 20. Mr. Kourouma reserved appeal. *Id*. at PageID # 23. Mr. Kourouma states that he timely filed an appeal to the Board of Immigration Appeals ("BIA"), which remains pending. (ECF No. 1, PageID # 12) (stating that "Notice of Appeal to the Board of Immigration Appeals was timely filed"). Mr. Kourouma remains in custody at the Geauga County Jail. *Id*. Mr. Kourouma further asserts that there is no indication as to when, or even if, he will be removed to Uganda, a country with which he has no prior connection.

On March 11, 2026, Mr. Kourouma filed his § 2241 habeas petition. (ECF No. 1). Mr. Kourouma asserts two grounds for relief:

1.  Petitioner has been held for[] over seven months without any attempt to carry out a removal to Uganda and there are no indications as to when or how he will be transported.

2.  The ACA treaties utilized by the Trump Administration are racially and ethnically biased both in their inception and intention and in their application.

(ECF No. 1, PageID # 7-8).

On March 13, 2026, the Court referred this matter to me to prepare an expedited report and recommendation on Mr. Kourouma's petition. (ECF No. 3). I issued an order setting an expedited briefing schedule on the same day. (ECF No. 4). On March 23, 2026, Respondents filed a combined return of writ and motion to dismiss the petition. (ECF No. 6). Although Mr. Kourouma is represented by counsel, he did not file a traverse by the deadline set in my briefing schedule order and has not filed a traverse to date.

III.    ANALYSIS

   A.  **Ground One: Unlawful Detention**

Mr. Kourouma first argues that his continued detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has been in custody for more than six months and because there is no indication that he may be removed to Uganda any time in the near future. Mr. Kourouma asserts that his purported removal to Uganda is merely a ruse to keep him detained indefinitely in violation of his constitutional rights. Respondents argue that Mr. Kourouma's first ground for relief should be dismissed as premature because his removal clock has not begun in light of his appeal to the BIA. I agree.[1]

8 U.S.C. § 1231(a)(1)(A) provides that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(2) provides that the Attorney General "shall detain" the alien during the removal period. If the alien is not removed within 90 days, 8 U.S.C. § 1231(a)(6) provides that certain categories of aliens "may be detained beyond the removal period . . . ."[2]

§ 1231(a)(6) does not contain a time limit on continued detention. In *Zadvydas*, however, the Court held that a "statute permitting indefinite detention of an alien would raise a serious constitutional problem." 544 U.S. at 690. To avoid that problem, the Court "construe[d] the statute to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Id*. at 682. The Court set the reasonable time period at six months. *Id*. at 701. After

---

[1] Respondents do not appear to argue that the Court lacks jurisdiction over Mr. Kourouma's claim that he is being unlawfully detained. Any such argument would be unavailing, as the Sixth Circuit has held that a "district court's jurisdiction over [] detention-based claims is independent of its jurisdiction over [] removal-based claims." *Hamana v. Adducci*, 912 F.3d 869, 877 (6th Cir. 2018).

[2] The parties have not briefed whether Mr. Kourouma falls within the categories of aliens who are subject to continued detention beyond the removal period. However, Mr. Kourouma does not argue that he falls outside those categories and does not argue that his continued detention is unlawful on that basis.

the six-month period expires, a detainee may seek release by providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701.

Importantly, however, § 1231(a) applies only to aliens who are subject to a final order of removal. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) (noting that the removal period begins "after the entry of a final order of removal against a noncitizen"). 8 U.S.C. § 1231(a)(1)(B) provides that the removal period begins on the latest of three potential dates: (i) the date the order becomes "administratively final"; (ii) if the order is judicially reviewed and if a court orders a stay of removal, the date of the court's final order; or (iii) if the alien is detained or confined other than under an immigration process, the date the alien is released from detention or confinement. For purposes of § 1231(a)(1)(B)(i), a removal becomes final upon the earlier of: (1) a determination from the BIA affirming the order; or (2) the expiration of the deadline for the alien to seek review of the order from the BIA. 8 U.S.C. § 1101(a)(47)(A).

Because he has a pending appeal before the BIA, Mr. Kourouma's removal order is not yet administratively final. *See Toshboltaev v. Ice*, No. 4:25-CV-02253-JRK, 2026 WL 113561, at \*2 (N.D. Ohio Jan. 15, 2026) (noting that petitioner's order of removal "became administratively final . . . after the BIA dismissed his appeal"), *report and recommendation adopted*, 2026 WL 487795 (N.D. Ohio Feb. 20, 2026); *Laub v. Sec'y, Dep't of Homeland Security*, No. 1:18-cv-499, 2019 WL 95919, at \*3 (S.D. Ohio Jan. 3, 2019) (report and recommendation) ("petitioner's removal period [under *Zadvydas*] did not begin until October 12, 2018, when the BIA issued its decision denying petitioner's appeal"); *Oumar v. Raycraft*, No. 1:25-cv-1744, 2026 WL 177580, at \*1 (W.D. Mich. Jan. 22, 2026) ("Because Petitioner's appeal to the BIA remains pending, Petitioner's order of removal is not 'administratively final' for purposes of the INA.").

There may certainly become a point where Mr. Kourouma's continued detention implicates *Zadvydas*, and I do not intend to minimize his concern about indefinite detention. However,

5

because Mr. Kourouma's removal order is not yet final, neither the 90-day removal period nor *Zadvydas'* six-month detention period have begun to run.[3] Mr. Kourouma's first ground for relief is premature and unripe, and I recommend that the Court dismiss it without prejudice. *See Manjulaben v. Ice*, No. 4:25-cv-02252, 2025 WL 2977713, at *3 (N.D. Ohio Oct. 22, 2025) (dismissing petition without prejudice where petitioner had been detained for fewer than six months after removal order became administratively final and had not demonstrated that detention was indefinite and potentially permanent); *Nur v. ICE*, No. 4:25-CV-02501-DAR, 2026 WL 89604, at *3 (N.D. Ohio Jan. 13, 2026) (report and recommendation) ("Because Mr. Nur has not been in post-removal detention for at least six months, his detention under 8 U.S.C. § 1231(a)(6) is presumptively reasonable and 'any challenge to that is therefore not ripe for review.'") (quoting *Kumar v. U.S. Dep't of Homeland Sec.*, No. 19-2404, 2020 WL 2904685, at *1 (6th Cir. June 1, 2020); *Dia v. Lynch*, No. 1:25-cv-1742, 2026 WL 81768, at *3 (W.D. Mich. Jan. 12, 2026) ("because Petitioner is within the six-month presumptively reasonable period of detention as addressed by the Supreme Court in *Zadvydas* . . . the Court will deny Petitioner's § 2241 petition without prejudice").[4]

Mr. Kourouma also appears to argue in his first ground for relief that his due process rights were violated when the immigration judge canceled his asylum hearing in light of DHS' motion to pretermit. It is not entirely clear from Respondents' return of writ and motion to dismiss whether they are arguing that the Court lacks jurisdiction to consider this portion of Mr. Kourouma's claim. However, "[f]ederal courts . . . 'have an independent obligation to ensure that they do not exceed

---

[3] To the extent Mr. Kourouma is arguing that the *Zadvydas* rule applies to detention prior to issuance of an administratively final removal order, his argument is unavailing. "*Zadvydas* addressed only detention under section 1231(a)(6)." *Toma v. Adducci*, No. 20-11071, 2020 WL 2832255, at *8 (E.D. Mich. May 31, 2020). The Sixth Circuit has held that the *Zadvydas* six-month rule does not apply to pre-removal order detention. *See Hamama v. Adducci*, 946 F.3d 875, 879-80 (6th Cir. 2020) (citing *Jennings v. Rodriguez*, 583 U.S. 281 (2018)).

[4] Notably, unlike many other habeas petitioners in recent immigration cases, Mr. Kourouma has not alleged that Respondents are violating his constitutional rights by failing to grant him a bond hearing. Nor does he request that the Court order Respondents to grant him a bond hearing. Accordingly, any questions regarding whether Mr. Kourouma is subject to mandatory detention or whether he is entitled to a bond hearing are not properly before the Court.

the scope of their jurisdiction.'" *Oquendo v. Comm'r of Internal Rev.*, 148 F.4th 820, 828 (6th Cir. 2025) (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)).

As a general matter, "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The writ of habeas corpus is "available to every individual detained in the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Accordingly, the protections of the writ extend to noncitizens in immigration matters. *See Zadvydas*, 533 U.S. at 687.

However, Congress has placed limitations on a district court's ability to grant the writ to a petitioner in the immigration context. Relevant here, 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals" is the "sole and exclusive means for judicial review of an order of removal," and that the term "judicial review" includes habeas corpus review. In addition, 8 U.S.C. § 1252(b)(9) provides that:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

§ 1252(b)(9) is an "unmistakable 'zipper' clause." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483 (1999). "Its purpose is to consolidate 'judicial review' of immigration proceedings into one action in the court of appeals . . . ." *INS v. St. Cyr*, 533 U.S. 289, 313 (2001).

Mr. Kourouma argues that his due process rights were violated when the government pretermitted his asylum application and ordered him removed to Uganda without an asylum hearing. Unlike his detention-based argument, that argument directly challenges his removal order and the "action[s] taken or proceeding[s] brought to remove" him, and thus falls within the scope

7

of § 1252(b)(9). *See Toure v. Bondi*, No. 3:26-CV-00323, 2026 WL 557712, at *3 (M.D. Penn. Feb. 27, 2026) (holding that district court "does not have jurisdiction to decide whether DHS's motion to pretermit [petitioner's] asylum application comports with the INA or the Due Process Clause of the Fifth Amendment" because the motion to pretermit "arises directly out of [petitioner's] removal proceedings"). I therefore recommend that the Court hold that it lacks jurisdiction to consider this portion of Mr. Kourouma's first ground for relief.

### B. Ground Two: Equal Protection Challenge to ACA

In his second ground for relief, Mr. Kourouma argues that the ACAs the Trump administration has entered into, including the ACA with Uganda, violate the Equal Protection Clause of the Fifth and Fourteenth Amendments because they are racially discriminatory in intent and implementation. Respondents argue, among other things, that the Court lacks jurisdiction to consider Mr. Kourouma's second ground for relief.

Respondents' argument is well-taken. As noted above, §§ 1252(a)(5) and 1252(b)(9) provide that questions of law and fact arising from actions taken or proceedings brought to remove an alien must be brought in the applicable court of appeals after an order of removal becomes final. 8 U.S.C. § 1252(a)(5); 8 U.S.C. § 1252(b)(9); *Reno*, 525 U.S. at 483. Mr. Kourouma's argument that the Trump Administration's ACA with Uganda violates the Equal Protection Clause arises from actions taken or proceedings brought to remove him, and the Court lacks jurisdiction under § 1252(b)(9) to consider that argument. *See Toure*, 2026 WL 557712, at *3. Rather, once the BIA resolves Mr. Kourouma's appeal, he may file a petition for review with the Sixth Circuit raising his due process and equal protection arguments. *Id*. ("If the BIA affirms the order of removal, Toure may file a [petition for review] with the Third Circuit raising the legal questions of whether third country removal violates the INA or the Due Process Clause."). I therefore recommend that

the Court dismiss Mr. Kourouma's second ground for relief for want of jurisdiction.[5]

## IV. RECOMMENDATION

For the reasons set forth above, I RECOMMEND that the Court grant Respondents' motion to dismiss (ECF No. 6) and DISMISS Mr. Kourouma's petition (ECF No. 1) without prejudice.

Dated: April 10, 2026

/s Jennifer Dowdell Armstrong
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

---

[5] Because I conclude that the Court lacks jurisdiction over Mr. Kourouma's second ground for relief under §§ 1252(a)(5) and 1252(b)(9), it is unnecessary to address Respondents' arguments that Mr. Kourouma failed to exhaust his administrative remedies or that Congress stripped courts of jurisdiction to review the decision to remove an alien pursuant to an ACA.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).