UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANSU KOUROUMA, | ) | Case No.: 1:26 CV 587 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT A HILDEBRAND, *et al.*, | ) | |
| | ) | |
| Respondents | ) | ORDER |

Currently pending before the court in the above-captioned case is Ansu Kourouma's ("Petitioner" or "Kourouma"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (ECF No. 1), and Respondents Scott Hildebrand, Secretary of Homeland Security, and the United States Attorney General's (collectively, "Respondents") Return of Writ and Motion to Dismiss ("Motion") (ECF No. 6). Under Local Rule 72.2(b)(2), Magistrate Judge Jennifer Dowdell Armstrong was referred the case, and prepared a Report and Recommendation. (ECF No. 7.) For the following reasons, the court hereby adopts the Report and Recommendation, and dismisses the Petition.

## I. BACKGROUND

Ansu Kourouma is a citizen and native of Guinea who entered the United States on or about January 30, 2024. (Return of Writ Ex. A at PageID 44, ECF No. 6-1.) Kourouma alleges that he has been in the custody of Immigration and Customs Enforcement ("ICE") at the Geauga County Jail

since July 24, 2025. (Pet. at PageID 12.) On August 16, 2025, the Department of Homeland Security ("DHS") issued Kourouma a Notice to Appear ("Notice") in relation to removal proceedings. (Return of Writ Ex. A at PageID 44.) The Notice indicated that it was issued "after an asylum officer ha[d] found that the respondent ha[d] demonstrated a credible fear of persecution or torture[,]" and it ordered Kourouma to appear before an immigration judge on September 30, 2025. (*Id.*)

On November 11, 2025, Kourouma filed an application for asylum. (Pet. at PageID 14.) He submitted evidence in support of the application on November 26, 2025. (*Id.*) Before the hearing occurred, however, DHS filed a motion on January 6, 2026, to pretermit Kourouma's asylum application because of an applicable Asylum Cooperative Agreement ("ACA"). (*Id.*; *see also* Return of Writ at PageID 32.) On January 8, 2026, the immigration judge partially granted DHS's motion to pretermit Kourouma's asylum application, and scheduled a hearing. (Pet. at PageID 18.) The hearing on DHS's pretermit motion occurred January 30, 2026, after which the immigration judge issued an order denying Kourouma's asylum application, and ordering him removed to Uganda. (*Id.* at PageID 20–22.) Kourouma appealed the immigration judge's order by timely filing a Notice of Appeal with the Board of Immigration Appeals ("BIA"). (*Id.* at PageID 12.) Kourouma's appeal remains pending.

On March 11, 2026, Kourouma filed the § 2241 Petition considered herein. (*See generally* ECF No. 1). The case was referred to Magistrate Judge Jennifer Dowdell Armstrong (the "Magistrate" or "Judge Armstrong"), pursuant to Local Rule 72.2(b)(2) for the preparation of an expedited Report and Recommendation ("R&R") (ECF No. 3). The Magistrate's Initial Order (ECF No. 4) issued on March 13, 2026, ordered Respondents to file their Return of Writ within 10 days. (*Id.*) Accordingly, Respondents filed their Return of Writ (ECF No. 6), with Exhibits, on March 23,

2026. Petitioner did not file a Traverse, and the time to do so expired on March 28, 2026. (Magistrate Initial Order at PageID 28.) On April 10, 2026, Judge Armstrong issued her R&R (ECF No. 7), recommending dismissal of Kourouma's Petition. On April 24, 2026, Kourouma timely filed his Objection (ECF No. 8) to the R&R, to which Respondents filed a Response (ECF No. 9) on May 4, 2026.

## II. LEGAL STANDARD

When a court receives timely written objections to a magistrate judge's R&R, it "shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, *de novo* review is limited only to those issues that a petitioner specifically identifies. *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A "general objection, or one that merely restates the arguments previously presented is not sufficient." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Without specific objections, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks . . . wast[ing] judicial resources rather than saving them, and run[ning] contrary to the purposes of the Magistrates Act." *Id*. at 748 (citing *Howard*, 932 F.2d at 509).

Thus, a non-specific objection "has the same effect as a failure to object" to the R&R. *Aldrich*, 327 F. Supp. 2d at 747–48. Consequently, a court that receives only general objections to the Magistrate's R&R, "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, Advisory Committee Notes (detailing lessened standard for adopting R&R when no objection is filed). *See also, e.g.*, *Overholt v. Green*,

No. 1:17-CV-00186, 2018 WL 3018175, at \*2 (W.D. Ky. June 15, 2018) (citing *Howard*, 932 F. 2d at 509) (explaining courts should not have to do "[a] reexamination of the exact same argument that was presented to the Magistrate Judge" absent specific objections); *Brown v. Hamilton Cnty*., No. 1:19-CV-00969, 2022 WL 2816266, at \*2 (S.D. Ohio July 19, 2022) (citation omitted) ("disregard[ing]" objections to R&R for being too general).

Accordingly, the court must determine if specific objections to the R&R have been made. *Aldrich*, 327 F. Supp. 2d at 749; *Feathers v. Foley*, No. 5:22-CV-540, 2024 WL 1990886, at \*1 (N.D. Ohio May 6, 2024), *certificate of appealability denied sub nom. Feathers v. Reynolds*, No. 24-3466, 2024 WL 5707887 (6th Cir. Dec. 2, 2024). Insofar as Kourouma presented specific objections, the court will conduct a "*de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, insofar as Petitioner states "nothing more than mere disagreements with the R&R," the court need only review the R&R for clear error. *Brown*, 2022 WL 2816266, at \*2.

### III. LAW AND ANALYSIS

Federal district courts may grant Writs of Habeas Corpus to prisoners who are held "in custody in violation of the Constitution or laws or treaties of the United States."18 U.S.C. § 2241(c)(3). Habeas relief under § 2241 is available to non-citizens who seek to challenge the legality of their detention in ICE facilities. *See, e.g., INS v. St. Cyr*, 533 U.S. 289 (2001). Kourouma's Petition indicates that he is currently held in ICE custody at the Geauga County Jail, is filing a Petition to challenge his "Pretermit to Uganda," and acknowledges that he has a pending appeal in the Board of Immigration Appeals regarding the application of the Uganda ACA to his case. (Pet. at PageID 12.) Kourouma, through counsel, asserts two grounds for relief: (1) "Petitioner has been

-4-

held fore [sic] over seven months without any attempt to carry out a removal to Uganda and there are no indications as to when or how he will be transported[;]" and (2) "The ACA treaties utilized by the Trump Administration are racially and ethnically biased both in their inception and intent and in their application." (*Id.* at PageID 7–8.)

In her R&R, Judge Armstrong concluded that Kourouma's first ground for relief was premature and that the court lacked jurisdiction over his second ground. (R&R at PageID 59.) Accordingly, she recommended that the court grant Respondents' motion to dismiss and dismiss Kourouma's petition without prejudice. (*Id.*)

Kourouma filed an Objection (ECF No. 8), through counsel, but did not make specific objections to the Magistrate's determinations. Rather Kourouma writes at length about ACAs generally, the safe third country exception, and Uganda being designated a safe third country. (*Id.* at PageID 68–81.) As to these issues, Kourouma presents general arguments, policy concerns, and conclusory allegations, but he does *not* identify potential inaccuracies in the R&R, or state specific disagreements with the Magistrate's conclusions.

Given the lack of specific objections to the R&R's recommendation to dismiss, the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, Advisory Committee Notes. After a thorough review and finding no clear error, the court can adopt the Magistrate's R&R on this basis alone. However, the court emphasizes that the outcome is the same even under *de novo* review. Despite the lack of specific objections, the court reviewed Kourouma's 17-page Petition and the record. After a thorough review, the court finds Kourouma's Petition must be dismissed, for the same reasons enunciated in the R&R, as discussed below.

-5-

### A.    Ground One - Unlawful Detention

Kourouma's first ground for relief is that his continued ICE detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has been in custody for more than six months and there is no indication of when he will be transported to Uganda. (Pet. at PageID 12.) As such, Kourouma claims that, "[t]he pretermit is thus simply a ruse to continue incarceration[,]" in violation of his due process rights. (*Id.*)

In her R&R, the Magistrate concluded that this claim is premature because Kourouma has a pending appeal before the BIA, and is therefore not subject to a final order of removal. (R&R at PageID 62.) The Magistrate noted that "[t]here may certainly become a point where Mr. Kourouma's continued detention implicates *Zadvydas*[,]" however, "because Mr. Kourouma's removal order is not yet final, neither the 90-day removal period nor *Zadvydas*' six-month detention period have begun to run." (*Id.* at PageID 62–63.) The court agrees.

As the Magistrate explained, the removal detention provision of the Immigration and Nationality Act ("INA") which *Zadyvdas* construed, only applies to non-citizens who are subject to a final order of removal. (*Id.* at PageID 62.) Here, there is no final removal order, and so any alleged violation of the detention period stated in the INA or *Zadyvdas* is premature. Moreover, Kourouma does not appear to argue in his Objection that the court should construe the INA removal provision otherwise. Accordingly, the court adopts the Magistrate's recommendation to dismiss Kourouma's first ground for relief without prejudice.

Additionally, the court adopts the Magistrate's recommendation that it lacks jurisdiction to consider Kourouma's argument directly challenging his removal order. (R&R at PageID 64.) As part of ground one, Kourouma appears to argue that the Government violated his due process rights when

it pretermitted his asylum application and ordered him removed to Uganda without an asylum hearing. As the Magistrate explained, the INA limits a district court's ability to grant a writ of habeas corpus in the immigration context. (*Id.*) Specifically, 8 U.S.C. § 1252(a)(5) provides that, "a petition for review filed with an appropriate court of appeals" is the "sole and exclusive means for judicial review of an order of removal[.]" Moreover, § 1252(b)(9) acts as an "unmistakable 'zipper' clause[,]" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483 (1999), that consolidates "'judicial review' of immigration proceedings into one action in the court of appeals." *I.N.S. v. St. Cyr*, 533 U.S. 289, 313 (2001). The Magistrate determined that Kourouma's challenge to his removal order without an asylum hearing "falls within the scope of § 1252(b)(9)," (R&R at PageID 64–65), and therefore this court lacks jurisdiction to consider it.

In his Objection, Kourouma writes: "The Magistrate Judge states that this Court lacks jurisdiction over removal issues. However, federal courts have the ultimate power in reviewing administrative agency actions. *Loper-Bright v. Raimundo*, 603 U.S. 369 (2024)." (Obj. at PageID 82.) This assertion, like others made in his Objection, is general rather than specific, and thus, the court need only review Judge Armstrong's recommendation as to ground one for clear error. Finding none, the court adopts the Magistrate's recommendation that the court lacks jurisdiction to consider this part of Kourouma's first ground for relief.

**B.      Ground Two - Equal Protection Challenge to the ACA**

Kourouma's second ground for relief is that, "[t]he ACA treaties utilized by the Trump Administration are racially and ethnically biased both in their inception and intent and in their application," and therefore violate the Equal Protection Clause of the Fifth and Fourteenth Amendments. (Pet. at PageID 8, 15.)

In her R&R, Judge Armstrong explained that, like Kourouma's challenge to his removal order in ground one, the court lacks jurisdiction under § 1252(b)(9) to consider Petitioner's equal protection arguments because they "arise[] from actions taken or proceedings brought to remove him[.]" (R&R at PageID 65.) As such, the Magistrate recommended the court dismiss Petitioner's second ground for relief for want of jurisdiction. (*Id.* at PageID 66.)

Rather than engage with this conclusion and recommendation, Kourouma's Objection lodges general policy complaints with ACAs as a whole, and provides a 2017 example of President Trump's remarks about immigrants entering the U.S. since his inauguration. (Obj. at PageID 81.) These general disagreements are not objections warranting *de novo* review. *See Brown*, 2022 WL 2816266, at *2. As such, the R&R's clear explanation of why this court cannot consider Petition's second ground for review is essentially unchallenged. Finding no clear error in the R&R, the court adopts the Magistrate's recommendation that it dismiss Petitioner's second ground for relief for want of jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, and after careful review of the R&R and record, the court finds no clear error on the face of the Report and Recommendation (ECF No. 7), and adopts it as its own. In addition, the court finds that, even on *de novo* review, the Petition must be denied. Thus, for reasons fully explained in the R&R, and reiterated here, the court hereby denies Kourouma's Petition for Writ of Habeas Corpus (ECF No. 1), and enters judgment in favor of Respondents.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

June 4, 2026